## Tuttle and others v. Matthews.[1]

*(Circuit Court, N. D. New York. July 6, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INVENTOR'S RIGHTS.

    The owner of a valid patent secures, by virtue thereof, three substantive rights: the right to make, the right to sell, and the right to use the patented article. He who invades any one of these rights is an infringer. *Birdsell* v. *Shaliol,* 112 U. S. 485; S. C. 5 Sup. Ct. Rep. 244.

2. SAME—RECOVERY AGAINST MANUFACTURER DOES NOT DEDICATE INVENTION TO USER.

    The chief value of many patented machines is in their use. If a recovery against a manufacturer dedicates the machines to the public so that it can thereafter be used by all with impunity, the "exclusive right" of the patentee does not exclude the most dangerous trespasser upon his property.

3. SAME—INJUNCTION—COLLECTION OF ROYALTY FROM USER OF MACHINE.

    An injunction will not be granted, at the instance of a manufacturer of an infringing machine, to restrain the collection of royalty from the user of such machine, although the manufacturer, in a suit against him for his infringement, has included the machine in an accounting had before a master; no final decree having been entered against him, and nothing having been paid by him to the owner of the patent.

Motion by the Defendant for an Injunction.

*J. R. Bennett,* for the motion.

*C. H. Duell,* opposed.

COXE, J. The complainants are the owners, for the state of New York, of reissued letters patent No. 9,148, dated April 13, 1880, issued to David L. Garver for an improvement in harrows. An interlocutory decree was entered on the eighteenth of May, 1886, and the complainants proceeded to an accounting. While the hearing was pending before the master, the defendant ascertained that the complainants' agents, by means of threatened litigation, had collected, or were attempting to collect, money from the users of the infringing harrows for which defendant has accounted in this action. No final decree has been entered, and nothing has been paid by the defendant to the complainants. The court is now asked to grant an injunction restraining the complainants and their agents from interfering with the defendant's customers in the use of the harrows sold to them by him. The owner of a valid patent secures, by virtue thereof, three substantive rights: the right to make, the right to sell, and the right to use the patented article. He who invades any one of these rights is an infringer. *Birdsell* v. *Shaliol,* 112 U. S. 485; S. C. 5 Sup. Ct. Rep. 244. The chief value of many patented machines is in their use. If a recovery against a manufacturer dedicates the machine to the public so that it can thereafter be used by all with impunity, the "exclusive right" of the patentee does not exclude the most dangerous trespasser upon his property.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

As the complainants are at liberty to sue the wrong-doer, whether he be a manufacturer, seller, or user, they have a right to inform him in advance of their intention so to do, and if he prefers to agree with his adversary *in limine,* it is not easy to see how the court can interfere. In this case, as in similar cases, where the infringers are often innocent of any wrong, and ignorant of the provisions of the law, it is not unlikely that the agents employed by the complainants act without discretion, and, at times, oppressively. If they exact money illegally, the complainants, who are, it is said, amply responsible, can be compelled to make restitution. The court, however, can hardly be expected to dictate a form of words for the use of these agents, or to formulate rules to regulate their conduct. Until equity has jurisdiction to enforce the precepts of the decalogue, the visit of the "patent-right man" will not be anticipated with emotions of pleasure alone. Though there may be individual cases of hardship disclosed by these papers, it must be remembered that it is but natural that the complainants, after years of severe and arduous litigation, should be tenacious in the maintenance of their rights, and active in seeing that they are no longer invaded. I can see no just ground for interference.

The motion is denied.