Everett Piano Company, The John Church Company, Edmund V. Church and William H. Mosby v. George P. Bent.

1. LIBEL—*Restraint of Publication by Injunction.*—That a court of equity can not, under its common law powers, by injunction, restrain the publication of a libel, seems to be most in accordance with the authorities in this country as well as in England.

2. INJUNCTION—*Asserting a Claim to Property.*—A person believing himself to be the owner of property and that none other has title thereto, can not be restrained by a court of equity to stating his claim as a mere belief.

3. PATENTS—*Jurisdiction of Claims for Infringements.*—The truth or falsity of a claim that a certain article is an infringement upon a patent case, can be conclusively determined, only by the judgment of a Federal court.

4. MALICE—*When not to be Inferred.*—Where an owner of a patent has been advised in good faith by counsel that a certain article is an infringement, his public assertion of the fact can not be held to be malicious.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed October 31, 1895.

### STATEMENT OF THE

This suit is on a bill in equity for an injunction, and damages for an alleged malicious interference with complainant's trade.

George P. Bent, the appellee herein, filed a bill in equity in the Superior Court of Cook County, against the appellants, alleging that the complainant below had a large manufacturing establishment, manufacturing "Crown" pianos, and had a large capital invested in said business, and a trade established throughout the United States.

It was also alleged that the Everett Piano Company and others, made defendants in the bill, "with the intention of willfully and maliciously destroying the business of your orator, as aforesaid, in the manufacture and sale of pianos, * * * malignantly caused a circular to be issued to all parties throughout the United States dealing in your orator's pianos, as aforesaid, in which said circular the Everett Piano Company, aforesaid, falsely and maliciously stated that every person making, selling or using the pianos so manufactured by your orator as aforesaid, is an infringer and liable to prosecution as such."

Also that said false representations and statement had greatly interfered with the complainant's trade and caused many to rescind orders for goods, and caused many to state

that they desired either to give up the business of selling the "Crown" piano in their towns and cities, or that the complainant should guarantee such dealers and customers against any loss or damage; that unless some relief could be had from such interference with complainant's trade, it was feared that his trade would be entirely ruined; that he had requested the defendants to desist from such malicious interference with his trade, but, notwithstanding such request, they had continued said interference. The usual prayer for an injunction was made, together with a prayer for a decree for recovery of damages.

The defendants in their answer admitted the issuing of such circulars, but denied the malicious intent as well as the allegations that they were false, setting forth that they did not know whether they interfered with complainant's trade or not. A preliminary injunction was issued upon the filing of said bill. Afterward, on motion of the defendants to dissolve the injunction, affidavits were filed by both parties, upon which full arguments were had in the court below, and the motion to dissolve the injunction was overruled. Whereupon it was stipulated by both parties that the affidavit filed might be used as testimony in the case and the case proceed to final decree, whereupon a final decree was entered, making the preliminary injunction perpetual; also that the damages in said cause having been waived by the complainant, it was further ordered that the complainant recover of the defendants its cost to be taxed.

An appeal was taken to this court, it being stipulated between the parties that the *ex parte* affidavits, together with the exhibits and models used in the court below be used as evidence in said cause.

The circular complained of is as follows:

"OFFICE AND FACTORY OF THE EVERETT PIANO, }
Albany street, from Wareham to Malden streets. }
BOSTON, Nov. 14, 1894.

NOTIFICATION—INFRINGEMENT OF THE PLECTRAPHONE.

All persons are hereby notified that the so-called 'Orchestral Attachment' contained in the 'Crown Pianos' man-

ufactured by George P. Bent, of Chicago, Ill., is an infringement of letters patent of the United States, No. 515,426, granted to La Martine M. French and Charles Nalence, February 17, 1894, and known as the 'Plectraphone,' now controlled by The Everett Piano Company, of Boston, Massachusetts.

You are hereby notified that under the law any person who 'makes, uses or sells' such a piano is an infringer and liable to prosecution as such.

In order to protect our rights in this matter we are about to begin suit against the manufacturers of said 'Orchestral Attachment,' and shall prosecute all infringers wherever found as we may be advised.

Yours truly,

THE EVERETT PIANO COMPANY,

Sole lessees of the Plectraphone."

The proof shows that the Everett Piano Company was engaged in making a piano having an attachment known as the "Plectraphone;" the other defendants called themselves the "Factors" controlling the sale of the Everett piano and the plectraphone attachment. This plectraphone attachment was patented. Mr. George P Bent was making the "Crown" piano, and also had a patented attachment which he was making, which he called an "Orchestral Attachment."

BOND, ADAMS, PICKARD & JACKSON, attorneys for appellants, contended that, under the bill of complaint, the circulars complained of as having been sent out by appellants, and the others of like character that they were about to send out, if false and malicious, as stated, constitute simply a libel or written slander. Clark v. Freeman, 11 Beav. 112; Prudential Assurance Co. v. Knott, L. R. 10, Ch. App. 142; Baltimore Car Wheel Co. et al. v. Bemis et al., 29 Fed. Rep. 95; Kidd v. Horry, 28 Fed. Rep. 773; Boston Diatite Co. v. Florence Mfg. Co., 114 Mass. 69; Francis v. Flinn, 118 U S. 385.

Without a statutory enactment a court of chancery has no jurisdiction to enjoin the publication of libel or slander,

or of false representations as to the character or quality of a person's property or business, and has no jurisdiction to grant the relief sought in the bill in this cause. Pomeroy's Eq. Jur., Sec. 1358; High on Injunctions, Secs. 23–28, 666, 693; Story's Eq. Jur., Vol. 2, Sec. 948; Robinson on Patents, Vol. 3, Secs. 888, 889; Asbestos Felting Co. v. Foreign Sal. Co., 13 Blatch. 453 (1876); Roach v. Garvan, 2 Dick. 724; S. C., 2 Atk. 469; Gee v. Pritchard, 2 Swanst. 402 (413); Martin v. Wright, 6 Sim. 297; Seeley v. Fisher, 11 Sim. 581; Clark v. Freeman, 11 Beav. 112; Prudential Assurance Co. v. Knott, L. R., 10 Ch. App. 142; Fisher v. Apollinaris Co., Id. 297 (302); Chase et al. v. Tuttle et al., 27 Fed. Rep. 110; Flint v. Hutchinson Smoke Burner Co., 110 Mo. 492; Baltimore Car Wheel Co. et al. v. Bemis et al., 29 Fed. Rep. 95; Kidd v. Horry et al., 28 Fed. Rep. 773; Singer Mfg. Co. v. Domestic Sewing Machine Co. et al., 49 Ga. 70; Whitehead et al. v. Kitson, 119 Mass. 484; Boston Diatite Co. v. Florence Mfg. Co., 114 Mass. 69; Life Ass'n of America v. Broogher, 3 Mo. App. 173; Mauger v. Dick, 65 How. Pr. Rep. 132, 134; Raymond v. Russell, 143 Mass. 295; Brandreth v. Lance, 8 Paige 24; N. Y. Juv. Guard Soc. v. Roosevelt, 7 Daly (N. Y.) 188; Croft v. Richardson, 59 How. Pr. 356; Hovey v. Rubber Tip Pencil Co., 33 Sup. Ct. N. Y. 522; Francis v. Flinn, 118 U. S. 885, 389; Fougeres v. Musbarger, 44 Fed. Rep. 292; International Tooth Crown Co. v. Carmichael, 44 F. R. 350, 351; Kelly v. Ypsilanti, etc., Mfg. Co., 44 Fed. Rep. 19 (p. 23), by Brown, J.; New York Filter v. Schwarzwalder, 58 F. R. 577.

The English cases in which such jurisdiction was affirmed and injunction granted are all based upon the Common Law Procedure Act of 1854 (17–18 Vict., Chap. 125, Sec. 79), and upon the Judicature Act of 1873. Prudential Assurance Co. v. Knott, L. R. 10, Ch. App. 142; Thorley Cattle Food Co. v. Massam, L. R. 14, Ch. D. 763; see, also, L. R. 6, Ch. D. 582, p. 588, etc.; Hermann Loog v. Bean, L. R. 26, Ch. D. 306; Halsey v. Brotherhood, L. R. 19, Ch. D. 386; Quartz Hill Co. v. Beall, L. R. 20, Ch. D. 501.

The case made by the bill of complaint involves directly the trial of the validity and infringement of letters patent

of the United States, and therefore the State court has no jurisdiction of the subject-matter. Hovey v. Rubber Tip Pencil Co., 57 N. Y. 119; Elmer v. Pennell, 40 Me. 430; Consol. Fruit Jar Co. v. Whitney, 2 Bann. & Ard. 30, 32; Curtiss on Patents, Sec. 496; Rev. Statutes U. S. Sec. 711.

L. L. COBURN and H. H. TALCOTT, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

That a court of equity can not, under its common law powers, by injunction, restrain the publication of a mere libel, seems to be most in accordance with the authorities in this country, as well as in England. Boston Diatite Co. v. Florence Mfg. Co., 114 Mass. 69; High on Injunctions, Secs. 1015–1093.

It is urged, however, that in the present case, a false statement was made concerning appellant's property and business, calculated and intended to intimidate customers and ruin his trade; that appellant, before an adjudication as to the same, could not know that the " so-called orchestral attachment " was an infringement of letters patent No. 515,-426; that its conduct in causing to be published in a trade journal the statement that it was about to begin suit against appellee for such alleged infringement, when no such suit had been instituted, and none, it is insisted, was then intended, shows that its circular was false and malicious. That appellant had the right to assert its belief that the " orchestral attachment " was an infringement, and to warn persons not to use the same, is admitted.

A person believing himself to be the owner of property, and that none other has title thereto, can not be by a court of equity restrained to stating his claim in this regard as a mere belief. Dicks v. Brook, L. R., 15 Ch. Div. 22–39; Halsey v. Brotherhood, L. R. 19, Ch. Div. 386.

It is insisted in this cause that a court of equity will interfere when such statements are false and malicious.

The record fails to make clear that the statement made by appellant is either false or malicious.

The assertion that the " orchestral attachment " is an infringement of appellant's patent may be untrue, but such untruth can be conclusively determined only by the judgment of a Federal court, and is a question, the investigation of which, under the allegations of this bill, a State court ought not to enter upon. Baltimore Car Wheel Co. v. Bemis et al., 29 F. R. 95; International Tooth Crown Co. v. Carmichael, 44 Fed. R. 350.

That the circular in question was maliciously put forth does not appear. Appellant had been advised by counsel that the attachment manufactured by appellee is an infringement; its public assertion of what it had apparently in good faith been advised, and, so far as appears, believed, can not be held to be malicious. Hovey v. Rubber Tip. Co., 57 N. Y. 119; Celluloid Manfg. Co. v. Goodyear Co., 13 Blatch. 375.

The granting of injunctions in Casey v. Cincinnati Typographical Union and others, 45 Fed. Rep. 135, Cœur D'Alene Consolidated & Mining Co. v. Miners' Union et al., 51 Fed. Rep. 260, Blindell v. Hagan, 54 Fed. Rep. 40, Toledo & Ann Arbor Railway Co. v. Penn. Co., 54 Fed. Rep. 730, and Sherry v. Perkins, 147 Mass. 212, cited by appellee, in each case depended upon the existence of a conspiracy to injure the business of the complainant, in which conspiracy there had been clearly manifested a malicious design to thwart his legitimate efforts to carry on his trade. No such conspiracy or design is here shown.

It does not appear that appellant is not perfectly responsible and able to respond for any pecuniary loss that appellee may sustain by reason of the issuance of the circular in question, or others of a similar nature; a feature of this case which it is apparent did not exist in any of the instances in which the acts of strikers and boycotters have been enjoined as an unlawful interference with the business of those they sought to injure.

The decree of the Superior Court is reversed.