# West Disinfecting Company, Appellee, v. U. S. Sanitary Specialties Corporation et al., Appellants.

## Gen. No. 26,726.

1. PATENTS—*what is effect of grant of letters-patent.* The grant of letters-patent by the Commissioner of Patents, when lawfully exercised, is prima facie evidence that the patentee is the first inventor of that which is described and claimed in them.

2. PATENTS—*jurisdiction of State courts.* A circuit court of the State has no jurisdiction to determine the issue of validity of a patent for want of novelty.

3. PATENTS—*what not evidence of intent to use claim of patent solely for intimidation.* Where, after the allowance and before the issuance of a patent to defendant, complainant secured an injunction restraining defendant from interfering with its customers on the basis of claim to such patent, the fact that after the ban had been removed by modification of the injunction defendant had not brought suit for infringement against any of complainant's customers was not evidence that defendant did not intend to do so or that it merely intended to use the existence of the patent to intimidate complainant's customers by threats of suit.

4. PATENTS—*right of patentee to warn against infringement.* The grantee of letters-patent cannot be deprived by injunction of his right to give notice of the existence of the patent and to warn against infringement, unless such facts are disclosed as show that, since the issuance of the patent, he has been guilty of an abuse of that right.

5. PATENTS—*what constitutes an unwarranted limitation upon patentee's right to warn against infringement.* An injunctional order restraining defendant from informing complainant's customers or any other persons that the maunfacture, sale or purchase of a certain article sold by complainant is an infringement of letters-patent issued to defendant unless prior thereto defendant shall have instituted and then be diligently prosecuting, or within thirty days thereafter shall institute and prosecute, a suit for such infringement, and further enjoins them from molesting, intimidating, etc., except by suit, instituted in good faith and diligently prosecuted, is an unwarranted limitation upon the right of a patentee to notify and warn persons against infringements.

6. PATENTS—*what is an improper limitation upon patentee's right to warn against infringement.* An order enjoining defendants from giving notice that defendant corporation has a patent

upon its product "by or through any malicious or improper circular, letter or oral statement" is an improper limitation upon the right of a patentee to notify and warn persons against infringements.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. George Fred Rush, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed June 24, 1921.

**Statement by the Court.** This is an appeal from an order of the circuit court of Cook county, entered November 16, 1920, overruling defendants' motion to dissolve a temporary injunction issued June 10, 1920, against them, their attorneys, agents, etc., and continuing said injunction in force as modified. The original injunction was issued without notice upon the filing of complainant's verified bill. On June 19, 1920, defendants entered their appearance and on July 26, 1920, filed their written motion to dissolve said original injunction, supporting the motion by their verified answer. The hearing on the motion was continued from time to time. On November 11, 1920, leave was granted complainant to file an amended and supplemental bill, and the same, verified by complainant's Chicago manager, was filed, to which defendants filed a general demurrer.

The complainant and defendant corporations are competitors in business. Both manufacture and sell disinfectants, deodorants and sanitary supplies and appliances. The individual defendants are officers and agents of the defendant corporation. At the time of the filing of the original bill the complainant corporation manufactured and sold a deodorizing article called "Fragrant Ice," and the defendant corporation manufactured and sold a similar article called "Aerzonator Blocs."

It is alleged, in substance, in complainant's original bill, *inter alia,* that defendants have instructed salesmen of defendant corporation, in their respective

374        APPELLATE COURTS OF ILLINOIS.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

territories, to obtain a list of all of complainant's customers who have purchased or intend to purchase from complainant, or have used, "Fragrant Ice," and to notify them that the use thereof is illegal, that defendant corporation has a letters-patent for "Aerzonator Blocs," that a user of "Fragrant Ice" is liable for infringement of said patent and that defendant corporation is the only concern who has the right to furnish such a deodorizer; that said salesmen have acted upon such instructions and have notified and threatened customers of complainant as aforesaid; that defendants, in the name of defendant corporation, have addressed and mailed letters to complainant's customers to the same effect; and that Exhibit B, attached to said bill and made a part thereof, is a copy of one of said letters, dated Chicago, May 26, 1920, signed by defendant corporation by H. I. Koppelman, its president, and addressed to Regent Theatre, a customer of complainant at Wichita, Kansas. The copy of the letter is as follows:

"We are advised by our Mr. H. A. Pooch, who called on you recently, that you are using in your theatre Fragrant Ice for deodorizing purposes.

"We wish to call your attention to the fact that this material is an imitation of our Aerzonators Blocs and is a direct infringement on our patent.

"We have already notified the concerns marketing these goods of their infringement and are bringing this matter to your attention, in view of the fact that the user of an infringement is equally as liable as the infringer himself, if he continues the use of such material after being notified. We are the originators of this method of deodorization and it is on account of our success and the universal favor with which our product has met throughout the country that imitators have sprung up.

"However, as stated, we have been notified by the patent office that all of our claims have been allowed and, therefore, we are the only concern which is in a position to furnish such deodorizers.

"We trust that when you are in the market for this material, that you will give us an opportunity to submit our prices. Our Aerzonators and Blocs are in use in most of the largest theatres, picture houses and places of amusement throughout the country, and our goods are giving absolute satisfaction.

We shall be pleased to hear from you."

It is further alleged, in substance, in the original bill that the statements made by defendant corporation, its officers or agents, to complainant's customers, either orally or in writing, were made with the unlawful and malicious intent of injuring complainant in its trade and reputation, were false, and were known by said defendants at the time to be false; that no patent has been granted or issued to defendant corporation or to any of the defendants, which said defendants well knew at the time of giving said instructions to salesmen and writing said letters; that complainant is advised and informed by counsel learned in the patent law, and believes, and charges, that said "Aerzonator Blocs" lack patentable novelty and do not amount to an invention and are not entitled to letters-patent under the laws of the United States; that "Fragrant Ice" is not an imitation of "Aerzonator Blocs," that complainant's customers and other persons, firms and corporations are entitled to purchase and use "Fragrant Ice," that "Aerzonator Blocs" are not protected by letters-patent, and that the statements made and the letters addressed as aforesaid constitute false, malicious and unfair conduct; and that unless the defendants are enjoined complainant will suffer irreparable injury, etc.

On the basis of the foregoing allegations the court on June 10, 1920, issued its injunction restraining defendants, their attorneys and agents, until the further order of the court, from

"(a) Informing customers of West Disinfecting Company, or any other person, firm or corporation, by circular, letter, oral statement, or otherwise, that U.

376    APPELLATE COURTS OF ILLINOIS.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

S. Sanitary Specialties Corporation, or any of its officers, agents or employees, has a patent upon or in respect to Aerzonator Blocs or Aerzonator Cakes;

"(b) Informing customers of West Disinfecting Company, or any other person, firm or corporation, by circular, letter, oral statement, or otherwise, that Fragrant Ice, or the manufacture, sale, purchase or use of Fragrant Ice, is an infringement of any patent issued to or owned by U. S. Sanitary Specialties Corporation, or any of its officers, agents, or employees;

"(c) Informing customers of West Disinfecting Company, or any other person, firm or corporation, by circular, letter, oral statement, or otherwise, that the purchase or use of Fragrant Ice will render the purchaser or user thereof liable in damages or otherwise answerable in any court of law or equity to U. S. Sanitary Specialties Corporation, or any of its officers, agents or employees, or any other person, firm or corporation other than West Disinfecting Company;

"(d) Instituting or proceeding with any action at law or in equity against any purchaser or user of Fragrant Ice, on account of the purchase or use of Fragrant Ice;

"(e) Molesting, intimidating, threatening, harassing or annoying in any manner any purchaser or prospective purchaser of Fragrant Ice with respect to the purchase or use thereof, or with respect to the relations of such purchaser or prospective purchaser with West Disinfecting Company respecting or incident to any purchase or use of Fragrant Ice;

"(f) Interfering with, hindering or obstructing West Disinfecting Company, or its agents or employees in the operation and carrying on of its business in the usual and ordinary way and from doing any act whatever in furtherance of any conspiracy or combination, to impede or prevent West Disinfecting Company, or any of its agents or employees, in the free, uninterrupted and unhindered direction, conduct and operation of its business;

"(g) Ordering, asking, aiding or abetting in any

manner whatever any person or persons to commit any of the acts aforesaid.''

In defendants' written motion, filed July 26, 1920, to dissolve said injunction it is stated that, since the issuance thereof, and on July 13, 1920, letters-patent of the United States were issued covering the deodorizing material of defendant corporation, referred to in said injunctional order, and granting to it the right to exclude all other persons from making, using or selling said invention; and that said court has no jurisdiction of any question affecting the validity of said patent, or of its infringement by complainant or its customers, or to interfere, as said injunctional order purports to do, with the exclusive jurisdiction of the United States courts over these and all other questions pertaining to rights under letters-patent of the United States.

In defendants' verified answer to complainant's bill, filed on the same day, and which on the final hearing of the motion to dissolve was used as an affidavit, it is alleged *inter alia* that on or about March 25, 1918, defendant corporation employed one Ruric C. Roark, an expert chemist, to experiment with deodorizing substances and materials, and to invent and discover for it a material or substance which would be practicable for use commercially in solid form as a deodorant; that as a result of experiments said Roark invented a deodorizing material consisting of a volatile substance in solid cake form, having for its base paradichlorbenzol, and having the property of evaporating without leaving a residuum when exposed to the air and of disseminating during the process of such evaporation such odoriferous substances as might be incorporated therewith; that on October 23, 1918, defendant corporation caused an application for letters-patent to be filed in the United States patent office, in the name of said Roark; that thereafter all rights thereunder were duly assigned to defendant corpora-

378    APPELLATE COURTS OF ILLINOIS.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

tion and directions given that letters-patent, if granted, be issued in the name of defendant corporation; that on April 21, 1920, the Commissioner of Patents notified the patent solicitors, employed by defendant corporation to prosecute the claims for said patent, that said application had been allowed, of which action defendant corporation was promptly advised; that defendant corporation did not immediately pay the final government fee on the advice of its said solicitors because it desired to make application for certain foreign patents; and that after filing application for patents in France, Great Britain and Canada, the defendant corporation paid said final government fee, and letters-patent for said invention were issued to it by the U. S. Patent office on July 13, 1920, No. 1,346,337. A copy of the patent is attached to the answer and the claims thereof are as follows:

"1. As a new article of manufacture, a deodorizing material consisting of a volatile substance, in solid cake form having for its base paradichlorbenzol, the substance having the property of evaporating without leaving a residuum when exposed to the air.

"2. As a new article of manufacture, a deodorizing material consisting of a solid cake of paradichlorbenzol and an odoriferous substance incorporated therewith.

"3. As a new article of manufacture, a deodorizing material consisting of a solid cake of paradichlorbenzol."

It is further alleged, in substance, in defendants' answer that said letters-patent is the property solely of defendant corporation and that ever since the date of its issuance, July 13, 1920, defendant corporation, its officers and agents, have had, and now have, the right to inform all persons, firms and corporations of the fact that said material known and sold as "Aerzonator Blocs" is protected by letters-patent and warning them of the consequences of infringement upon said patent; that defendants are informed

and believe and charge that the product sold by complainant as "Fragrant Ice" is intended to perform the same function and to be employed in the same way as said Aerzonator Blocs and is so represented by complainant and its agents; that complainant's product first appeared upon the market several months after said Aerzonator Blocs were invented and marketed, that prior to the appearance of complainant's said product neither complainant, nor any other person, firm or corporation, except defendant corporation, had marketed and sold a deodorizing material of that or similar character, and that complainant's product is an imitation of Aerzonator Blocs and has been and is being manufactured by complainant in defiance of said letters-patent and in violation of the rights of defendant corporation; that defendants admit the writing of the letter of May 26, 1920, to the Regent Theatre, as charged in complainant's bill, but they deny that the same or any other letters were written maliciously or for the purpose of injuring complainant; that said letter was written in good faith and under the impression that it was proper to do so after notification had been received that the application for said letters-patent had been allowed; that defendants deny that such instructions as were given to salesmen of defendant corporation were given for the purpose of maliciously injuring complainant in its trade or for any other unlawful purposes; and that the circuit court is without jurisdiction to determine in this proceeding whether or not complainant's product, known as Fragrant Ice, infringes upon the patent rights of defendant corporation, and is also without jurisdiction to enjoin it, or its officers or agents, from enforcing or attempting to enforce the exclusive rights so granted it by virtue of said letters-patent, either by a suit in the United States courts or by giving of written, printed or oral notice of the existence of said patent to any

380     Appellate Courts of Illinois.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

person, firm or corporation, who may be making, sell-ing or using any article covered by said patent, and warning them of the consequences of infringement thereon.

The verified amended and supplemental bill of complaint, which was filed 5 days before the order appealed from was entered, is somewhat lengthy. Many of the allegations contained in the original bill are repeated, and some are amplified or enlarged. In reference to said letters-patent granted to defendant corporation on July 13, 1920, it is alleged that said patent "is, as your orator is informed and believes, invalid; that your orator is advised and informed by counsel learned in the patent law, and therefore believes, and upon such information and belief charges, that the said Aerzonator Blocs or Aerzonator Cakes lack patentable novelty and do not amount to an invention and are not entitled to letters-patent"; that neither the defendant corporation nor any other of the defendants "has begun any suit or proceeding against your orator alleging an infringement of the said alleged patent," or has instituted any action or proceeding whatsoever to test or establish the validity thereof or to protect the same; that neither the order for preliminary injunction, entered June 10, 1920, nor the injunction writ, in any manner restrained defendants from instituting such suit or proceeding against complainant, but "that said defendants have been free ever since July 13, 1920, to maintain such proceedings"; and that defendant corporation "does not intend to commence or maintain" any such suit or proceeding or take any steps provided by law for the protection of said patent, but "intends to use the existence of the said letters-patent as a means of intimidating and threatening customers of your orator and prospective purchasers of Fragrant Ice against making any purchase or use of said Fragrant Ice and as a means of wrongfully injur-

ing your orator, and its business and trade, and your orator fears that unless restrained by this court the said defendants will resort to such intimidation and threats on a large scale and in a reckless manner.''

In the order appealed from, entered November 16, 1920, denying the motion to dissolve the injunction, but modifying the same ''to the extent hereinafter ordered and not otherwise,'' the court ordered and decreed that the defendants, their attorneys, agents, etc., be restrained, until the further order of the court, from

''(a) Informing customers of West Disinfecting Company, or any other person, firm or corporation, that U. S. Sanitary Specialties Corporation, or any of its officers, agents or employees, has a patent upon, or in respect to, Aerzonator Blocs or Aerzonator Cakes, by or through any malicious or improper circular, letter or oral statement, *provided, however,* that nothing in this injunction contained shall prevent U. S. Sanitary Specialties Corporation from the fixing of the words 'Patented July 13, 1920,' upon Aerzonator Blocs or the package or container wherein one or more of such Blocs is enclosed, by printing or stamping such words thereon in accordance with Section 4900, United States Revised Statutes, or prevent U. S. Sanitary Specialties Corporation from instituting suit at law or in equity against West Disinfecting Company for alleged infringement;

''(b) Informing customers of West Disinfecting Company, or any other person, firm or corporation, by circular, letter, oral statement, or otherwise, that Fragrant Ice, or the manufacture, sale, purchase or use of Fragrant Ice, is an infringement of any patent issued to or owned by U. S. Sanitary Specialties Corporation, that the purchase or use of Fragrant Ice will render the purchaser or user thereof liable in damages or otherwise answerable in any court of law or equity to U. S. Sanitary Specialties Corporation, or any other person, firm or corporation other than West Disinfecting Company, *unless,* prior thereto, said U.

382    Appellate Courts of Illinois.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

S. Sanitary Specialties Corporation shall have instituted and then be diligently prosecuting or within thirty days thereafter shall institute and diligently prosecute a suit for such alleged infringement against such customer of West Disinfecting Company or such other person, firm or corporation informed as aforesaid by U. S. Sanitary Specialties Corporation;

"(c) Molesting, intimidating, threatening, harassing or annoying in any manner, except by suit instituted in good faith and diligently prosecuted, any purchaser or prospective purchaser of Fragrant Ice with respect to the purchase thereof, or with respect to the relations of such purchaser or prospective purchaser with West Disinfecting Company respecting or incident to any purchase or use of Fragrant Ice;

"(d) Interfering with, hindering or obstructing West Disinfecting Company, or its agents or employees, in the operation and carrying on of its business in the usual and ordinary way and from doing any act whatever in furtherance of any conspiracy or combination, to impede or prevent West Disinfecting Company, or any of its agents or employees, in the free, uninterrupted and unhindered direction, conduct and operation of its business;

"(e) Ordering, asking, aiding or abetting in any manner whatever any person or persons to commit any of the acts aforesaid. * * *

"And it is further Ordered, Adjudged and Decreed that said injunction hereby ordered shall, from the entry hereof, supersede the injunction heretofore issued in this cause, without prejudice, however, to the rights or remedies accruing under or arising from the said original injunction in favor of the complainant and without release or discharge of any violation thereof, or offense or contempt in respect thereto, this court hereby expressly reserving jurisdiction of all of said matters for its further consideration, determination and order."

Winston, Strawn & Shaw, for appellants; John C. Slade and Richard H. Hollen, of counsel.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

Rosenthal, Hamill & Wormser, for appellee; Leo F. Wormser, Herman L. Ellsworth and Willard L. King, of counsel.

Mr. Justice Gridley delivered the opinion of the court.

Counsel for defendants contend that the circuit court erred in overruling defendants' motion to dissolve the temporary injunction issued on June 10, 1920, and in entering the order of November 16, 1920, wherein the court in effect continued in force said injunction though somewhat modified.

Counsel state in their printed argument that at the time of the issuance of the original injunction of June 10, 1920, the defendant corporation was technically not entitled to claim any infringement of a patent right because its letters-patent, No. 1,346,337, had not then been *issued* although its application therefor had been *allowed,* and counsel here raise no question as to the propriety of the issuance of said original injunction, or continuing it in force *until* the filing of defendants' sworn answer on July 26, 1920, wherein it appeared that defendants' said letters-patent had been issued on July 13, 1920. Counsel take the position that the actual issuance of that patent presented such a change in the situation as properly required a dissolution of the injunction.

Examining the amended and supplemental bill of complaint it will be noticed that the principal new or aditional allegations are, in substance (1) that complainant, upon information received from counsel learned in the patent law, believes and charges that the patent is invalid because the subject-matter lacks patentable novelty; (2) that the defendant corporation has not since the date of the issuance of the patent brought any suit for infringement against complainant or any other person; and (3) that complainant believes and charges that the defendant cor-

poration does not intend to institute any such suit, but rather intends to use the existence of said patent as a means of intimidating customers of complainant and prospective purchasers of complainant's product, Fragrant Ice.

The grant of letters-patent by the Commissioner of Patents when lawfully exercised is prima facie evidence that the patentee is the first inventor of that which is described and claimed in them. *(Seymour v. Osborne,* 78 U. S. 516, 538; *Forster v. Brown Hoisting Machinery Co.,* 266 Ill. 287, 296.) Complainant in its amended and supplemental bill raises the issue of the validity, for want of novelty, of the patent of defendant corporation, shown in its sworn answer to have been granted to it on July 13, 1920. We do not think that the circuit court, being a State court, has any jurisdiction to determine that issue in this proceeding. *(Everett Piano Co. v. Bent,* 60 Ill. App. 372, 378; *Forster v. Brown Hoisting Machinery Co., supra.)* By the terms of the original injunction of June 10, 1920, the defendant corporation could not bring any suit for infringement of its patent against complainant or other persons until the modified injunctional order appealed from was entered, and the fact that it did not bring such suits is no evidence that, with the ban removed, it does not intend to do so. While complainant's amended and supplemental bill charges that it believes that defendant corporation does not intend to institute any such suits, but rather intends to use the existence of said patent as a means of intimidation, etc., complainant does not allege any acts done by the defendant corporation, its officers or agents, since the issuance of the patent, showing grounds for that belief. And we do not think that complainant's allegations, contained in both its original and supplemental bills, as to the acts of defendant corporation, its officers or agents, in relation to the patent after the application therefor had been allowed but before the actual

issuance thereof, or their prior conduct in respect to matters having no relation to the patent, should be considered as sufficient grounds for that belief.

Counsel for defendants argue that the grantee of letters-patent of the United States cannot be deprived by injunction of his right to give notice of the existence of his patent and to warn against its infringement, unless such facts are disclosed as show that, since the issuance of the patent, he has been guilty of an abuse of that right. The argument is supported by statute and decisions. By statute of the United States (vol. 7, Fed. Stat. Ann. sec. 4884), the grant of letters-patent gives the patentee for a period of 17 years "the exclusive right to make, use and vend the invention or discovery throughout the United States and the Territories thereof." (See also *Tuttle v. Matthews*, 28 Fed. 98; *Agawam Woolen Co. v. Jordan*, 74 U. S. 583, 592.) And the exclusion of competitors from making or using the patented article is of the very essence of the right conferred. *(United States v. Winslow,* 227 U. S. 202, 217.) "Congress put no limitations, excepting time, upon the monopoly. Courts can create none without legislating." *(Rubber Tire Wheel Co. v. Milwaukee Rubber Works Co.,* 154 Fed. 358, 362.) And, as an incident to the monopoly granted, the patentee has the right to, and in fairness should, notify and warn persons against any invasion of his right, and the giving of such notifications and warnings, if made in good faith and not maliciously and for unlawful purposes, should not be enjoined. *(Kelley v. Ypsilanti Dress-Stay Mfg. Co.,* 44 Fed. 19, 23; *Virtue v. Creamery Package Mfg. Co.,* 179 Fed. 115, 120; *Computing Scale Co. v. National Computing Scale Co.,* 79 Fed. 962, 966; *Mitchell v. International Tailoring Co.,* 169 Fed. 145, 146; *United Electric Co. v. Creamery Package Mfg. Co.,* 203 Fed. 53, 54; *Everett Piano Co. v. Bent,* 60 Ill. App. 372, 377.) As previously stated, complainant's amended and supple-

386     APPELLATE COURTS OF ILLINOIS.

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

mental bill does not allege facts showing that the defendant corporation, since the issuance of the patent, has been guilty of any abuse of the rights granted by the patent. Indeed, the record shows that when the patent was issued the defendant corporation and its officers and agents were under injunction not to notify and warn persons against infringement, which injunction was continued in force until the entry of the modified injunctional order appealed from, and by which the right of the defendant corporation to notify and warn persons against infringement were made subject to certain limitations or conditions. By paragraph "b" of said modified injunctional order the defendant corporation, its agents, etc., are enjoined from informing customers of complainant, or any other person, firm or corporation, by circular, letter, oral statement, or otherwise, that the manufacture, sale, purchase or use of complainant's product, Fragrant Ice, is an infringement of the patent granted to defendant corporation, or that the purchase or use of Fragrant Ice will render the purchaser or user thereof liable in damages to the defendant corporation, *unless,* prior thereto, said defendant corporation "shall have instituted and then be diligently prosecuting or within thirty days thereafter shall institute and diligently prosecute a suit for such alleged infringement" against such customer of complainant or such other person, firm or corporation; and by paragraph "c" of said modified injunctional order the defendant corporation, its agents, etc., are further enjoined from molesting, intimidating, etc., "*except* by suit instituted in good faith and diligently prosecuted," any purchaser or prospective purchaser of Fragrant Ice, respecting the purchase or use thereof. In view of the above authorities and the facts disclosed in this record we do not think such an injunctional order can stand. As it seems to us it is an unwarranted limitation upon the right of a patentee to notify and warn persons

West Disinfecting Co. v. U. S. San. Spec. Corp., 221 Ill. App. 372.

against infringements, in that the right is conditioned upon the institution of a suit,—an action which the patentee may not desire to take and which he should not be compelled to take. *(Celluloid Mfg. Co. v. Good-year Dental Vulcanite Co.,* 13 Blatch. [U. S.] 375, 384.) By paragraph "a" of said modified injunctional order the defendants were enjoined from giving notice that the defendant corporation had a patent upon its product Aerzonator Blocs "by or through any malicious or improper circular, letter or oral statement." This, we think, is also an improper limitation upon the right of a patentee to notify and warn persons against infringements, in that it subjects the defendant corporation, in case it gives such notice, to the hazard that the particular circular, letter or oral statement might subsequently be decided to be "malicious" or "improper" and a violation of the injunction.

Our conclusion is that the order of the circuit court, entered November 16, 1920, is erroneous and should be reversed, and it is so ordered.

*Reversed.*

BARNES, P. J., and MATCHETT, J., concur.