MATTHEW THIMGAN, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

FILED DECEMBER 22, 1933. No. 29002.

*Sterling F. Mutz* and *Edward C. Fisher*, for appellant.

*Paul F. Good*, Attorney General, *Paul P. Chaney* and *Allen & Requartte*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

GOOD, J.

Plaintiff brought this action in the district court for Lancaster county against the state of Nebraska, to recover $50,000 alleged value of his private property taken and appropriated for a public use by defendant. The trial court entered judgment of dismissal, and plaintiff has appealed.

In his petition plaintiff alleged that he is the owner and sole proprietor of a certain patent, issued to him by the United States government October 25, 1927, which granted to him the sole and exclusive right to make, use and sell one certain ornamental design for a road marker; that thereafter the defendant appropriated the plaintiff's said property to its own use, using the patented design upon thousands of road markers along every state road and highway in the state of Nebraska, and that defendant at all times failed and refused to pay plaintiff any compensation for his property, and has failed and refused to discontinue the unlawful use thereof; that plaintiff at all times protested against the taking of his property, and repeatedly demanded its return, or just compensation therefor; that in the 1929 session of the legislature two bills were introduced for the relief of plaintiff, one of which had for its purpose the appropriation of state funds for the payment to plaintiff of royalties which he had demanded for the use of the patented design, and the other of which had for its purpose the granting to plaintiff of the right and authority to sue the defendant state in the proper court for infringement of his patent, or to restrain said state and its department from using the same; but that the legislature refused to pass either of said bills; that, because of such refusal, plaintiff has been deprived of his property without due process of law, and he bases his right to recover upon section 3, art. I of the Constitution, which provides: "No person shall be deprived of life, liberty, or property, without due process of law," and on section 21, art. I of the Constitution, which provides: "The property of

no person shall be taken or damaged for public use without just compensation therefor." Plaintiff alleged that his property, so appropriated by the state, was of the reasonable value of $50,000, and prayed for judgment in that amount.

Defendant answered, admitting its corporate and sovereign capacity, and for defenses alleged that the court was without jurisdiction to adjudicate defendant's liability to plaintiff, because no claim had been filed with the auditor of public accounts; that the court was without jurisdiction because the petition stated a cause of action for patent infringement, which is within the exclusive jurisdiction of the federal courts; and that the court was without jurisdiction because defendant had not precedently given consent to be sued; and further alleged that the design for the road marker was not an original invention by the plaintiff; that the design for the road marker, for which plaintiff claims a patent, was in general, common and rightful use long prior to the time the patent was issued to plaintiff, and that the patent was void because procured by fraud. Defendant also pleaded specifically the statute of limitations.

Plaintiff frankly admits that, if his action shall be deemed an action for the infringement of a patent right, then jurisdiction is vested solely in the federal court, and the state court is without power to hear and determine it; but contends that the action is not one for patent infringement, but is based upon the constitutional provision, and insists that the gravamen of his action is conversion without furnishing compensation for the property taken, or a remedy for its adjudication, and that plaintiff's cause of action arose because of the refusal of the legislature to grant him the right to sue the state for infringement of his patent right.

We are unable to adopt the view contended for by plaintiff. In his petition he alleged that a bill was introduced in the legislature to authorize plaintiff to sue for infringement of patent right, and, had the legislature so con-

sented, plaintiff might have then sued in the federal court for infringement, but that, since the legislature had not seen fit to waive the immunity of the state and permit suit to be brought for infringement of patent, therefore the action is not for patent infringement but for conversion of property for a public use. In other words, if the state had granted permission to bring suit, the action would have been for patent infringement, but, because of the refusal of the state to grant permission to sue the state, the action is not one for patent infringement. This reasoning does not appeal to us as being sound.

The term infringement in patent law means the act of trespassing upon the incorporeal right secured by patent. Any person who, without legal permission, shall make, use or sell the thing, which is the subject-matter of any existing patent, is guilty of infringement, for which damages may be recovered at law by an action on the case, or which may be remedied by a bill in equity for an injunction and an account. The manufacture, sale or use of an invention protected by letters patent, within the area and time described therein, by a person not duly authorized so to do, constitutes an infringement. Bouvier's Law Dictionary, and cases therein cited.

"The owner of a valid patent secures, by virtue thereof, three substantive rights: The right to make, the right to sell, and the right to use the patented article. He who invades any one of these rights is an infringer." *Tuttle v. Matthews,* 28 Fed. 98; *Birdsell v. Shaliol,* 112 U. S. 485, 28 L. Ed. 768.

Plaintiff in his petition alleges that he is the patentee and proprietor of the patent; that the state is making and using his invention. Clearly, his petition states a cause of action for infringement of a patent right.

Plaintiff has cited and relies upon a number of cases where state courts are held to have jurisdiction to determine questions arising under the patent law, such as an action for royalties or on a contract to convey or assign a patent. State courts may have jurisdiction of

cases where questions of patents are involved, but not of a case arising under the patent laws. The distinction is clearly stated in *Pratt v. Paris Gas Light & Coke Co.*, 168 U. S. 255, 42 L. Ed. 458. In that case it was said (p. 259) : "Section 711 does not deprive the state courts of the power to determine *questions* arising under the patent laws, but only of assuming jurisdiction of *'cases'* arising under those laws. There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading—be it a bill, complaint or declaration—sets up a right under the patent laws as ground for a recovery. Of such the state courts have no jurisdiction."

In *Hartell v. Tilghman*, 99 U. S. 547, 25 L. Ed. 357, it was held: "A suit between citizens of the same state cannot be sustained in the circuit court as arising under the patent laws of the United States, where the defendant admits the validity and his use of the plaintiff's letters-patent, and a subsisting contract is shown governing the rights of the parties in the use of the invention.

"Relief in such a suit is founded on the contract, and not on those laws."

*Littlefield v. Perry*, 88 U. S. 205, 22 L. Ed. 577, was a suit by an assignee against a patentee, who had made a conveyance to the plaintiff of his patent, with all improvements thereon, within certain states, for which plaintiff had agreed to pay a royalty upon all articles sold, with a clause of forfeiture in case of nonpayment or neglect, after due notice, to make and sell the patented articles to the extent of a reasonable demand therefor. In the opinion it was said (p. 222) : "They (the plaintiffs) certainly had the exclusive right to the use of the patent for certain purposes within their territory. They thus held a right under the patent. The claim is that this right has been infringed. To determine the suit, therefore, it is necessary to inquire whether there has been an infringement, and that involves a construction of the patents. * * * Such a suit may involve the con-

struction of a contract as well as the patent, but that will not oust the court of its jurisdiction. If the patent is involved it carries with it the whole case."

In *Atherton Machine Co. v. Atwood-Morrison Co.*, 102 Fed. 949, it was held that a suit, in which the relief sought is an injunction and recovery of damages for infringement of a patent, is one arising under the patent laws of the United States, although it incidentally involves a determination of the question of ownership of the patent, which was claimed by both plaintiff and defendant under separate assignments from the patentee. The jurisdiction of the federal court was sustained.

Plaintiff's ground for recovery is that he has a patent; that, without his consent, defendant is making and using the patented article. It is a case arising under the patent laws and is within the exclusive jurisdiction of the federal courts.

State courts are without jurisdiction of the case presented. The action is therefore

DISMISSED.